1

2

3

4

5

6

7                              UNITED STATES DISTRICT COURT

8                        FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   DARREN TYRONE LEVI,                         No.  2:12-cv-2713-EFB

11                 Plaintiff,

12          v.                                   ORDER

13   CAROLYN W. COLVIN, Acting
     Commissioner of Social Security,
14
                  Defendant.
15

16

17          Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security

18   ("Commissioner") denying his application for Supplemental Security Income ("SSI") under Title

19   XVI of the Social Security Act.  The parties' cross-motions for summary judgment are pending.

20   For the reasons discussed below, the court grants the plaintiff's motion and denies the

21   Commissioner's motion.

22   I.     BACKGROUND

23          Plaintiff filed an application for SSI on July 30, 2009, alleging that he had been disabled

24   since April 27, 2009.  Administrative Record ("AR") 219-224.  Plaintiff's application was denied

25   initially on September 18, 2009, and upon reconsideration on December 15, 2009.  *Id.* at 76-80,

26   87-91.  On May 18, 2011, a hearing was held before administrative law judge ("ALJ")

27   Timothy Snelling.  *Id.* at 37-70.  Plaintiff was represented by a counsel at the hearing, at which he

28   and a third party testified.  *Id.*

                                                    1

On June 24, 2011, the ALJ issued a decision finding that plaintiff was not disabled under section 1614(a)(3)(A) of the Act.[1]  *Id.* at 21-32.  The ALJ made the following specific findings:

1.  The claimant has not engaged in substantial gainful activity since July 30, 2009, the application date.  (20 CFR 416.971 *et seq.*).

2.  The claimant has the following medically severe combinations of impairments: hyperkeratotic palms of bilateral hands and plantar surfaces of bilateral feet; learning disorder not otherwise specified; antisocial personality disorder; mixed personality disorder with dependent, compulsive, avoidant and antisocial features; adjustment disorder with depressive and anxious features; borderline intellectual functioning; and a history of cocaine and alcohol use (20 CFR 416.920(c)).

* * *

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. §§ 401 *et seq*.  Supplemental Security Income ("SSI") is paid to disabled persons with low income.  42 U.S.C. §§ 1382 *et seq*.  Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment."  42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A).  A five-step sequential evaluation governs eligibility for benefits.  *See* 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).  The following summarizes the sequential evaluation:

> Step one:  Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
> Step two:  Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
> Step three:  Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
> Step four:  Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.
> Step five:  Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  *Yuckert*, 482 U.S. at 146 n.5.  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  *Id.*

3. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925, 416.926).

   * * *

4. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 416.967(a) except: sit for 6 hours, stand for 2 hours, and walk for 2 hours of an 8-hour workday; lift and carry 10 pounds occasionally, less than 10 pounds frequently; no more than frequent fine and gross manipulation bilaterally; avoid concentrated exposure to extreme cold; and cannot perform work requiring ability to understand, remember, and carryout complex or detailed job instructions.

   * * *

5. The claimant has no past relevant work (20 CFR 416.965).

6. The claimant was born on April 18, 1968 and was 41 years old, which is defined as a younger individual age 18-44, on the alleged disability onset date (20 CFR 416.963).

7. The claimant has a limited education and is able to communicate in English (20 CFR 416.964).

8. Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 416.968).

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).

   * * *

10. The claimant has not been under a disability, as defined in the Social Security Act, since July 30, 2009, the date the application was filed (20 CFR 416.920(g)).

*Id.* at 23-32.

Plaintiff requested that the Appeals Council review the ALJ's decision, *id.* at 15-17, and on September 7, 2012, the Appeals Council denied review, leaving the ALJ's decision as the final decision of the Commissioner. *Id.* at 1-5.

/////

/////

3

1    II.      LEGAL STANDARDS

2           The Commissioner's decision that a claimant is not disabled will be upheld if the findings

3    of fact are supported by substantial evidence in the record and the proper legal standards were

4    applied. *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 973 (9th Cir. 2000);

5    *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Tackett v. Apfel*,

6    180 F.3d 1094, 1097 (9th Cir. 1999).

7           The findings of the Commissioner as to any fact, if supported by substantial evidence, are

8    conclusive. *See Miller v. Heckler*, 770 F.2d 845, 847 (9th Cir. 1985).  Substantial evidence is

9    more than a mere scintilla, but less than a preponderance. *Saelee v. Chater*, 94 F.3d 520, 521 (9th

10   Cir. 1996).  "'It means such evidence as a reasonable mind might accept as adequate to support a

11   conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v.

12   N.L.R.B.*, 305 U.S. 197, 229 (1938)).

13          "The ALJ is responsible for determining credibility, resolving conflicts in medical

14   testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir.

15   2001) (citations omitted).  "Where the evidence is susceptible to more than one rational

16   interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld."

17   *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

18   III.     ANALYSIS

19          Plaintiff argues that the ALJ erred by (1) finding that plaintiff did not meet Listing

20   12.05C, (2) discrediting his examining psychologist's opinion without providing legally sufficient

21   reasons, (3) misinterpreting the opinion of Dr. Duggal, and (4) relying on the Grids to find that

22   plaintiff was not disabled.  ECF No. 15-1 at 10-21.

23          Plaintiff argues that the ALJ erred in finding that he did not meet Listing 12.05C because

24   of a lack of evidence demonstrating the onset of mental retardation prior to age 22.  ECF No. 15-1

25   at 10-12.  At step three of the sequential evaluation process, the ALJ determines whether a

26   claimant's impairment or combination of impairments meet or equals an impairment listed in 20

27   C.F.R. Part 404, Subpart P, Appendix 1.  Where a claimant's impairment or impairments meets or

28   equals a listed impairment in appendix 1, the claimant is per se disabled.  20 C.F.R. § 416.920(d).

1    "Once a per se disability is established, the ALJ has no discretion; he must award benefits."

2    *Young v. Sullivan*, 911 F.2d 180, 183 (9th Cir. 1990).

3            Listing 12.05C—mental retardation—"refers to significantly subaverage general

4    intellectual functioning with deficits in adaptive functioning initially manifested during the

5    developmental period; i.e., the evidence demonstrates or supports onset of the impairment before

6    age 22."  The listing can be met by demonstrating "[a] valid verbal, performance, or full scale IQ

7    of 60 through 70 and a physical or other mental impairment imposing an additional and

8    significant work-related limitation of function."  Thus, plaintiff would meet the listing if (1) he

9    has a valid IQ score between 60 and 70, (2) the evidence demonstrates or supports onset of the

10   impairment before age 22, and (3) he has a physical or other mental impairment imposing an

11   additional and significant work-related limitation of function.

12           The Commissioner concedes that plaintiff's skin condition imposes an additional and

13   significant work-related limitation.  ECF No. 16 at 17.  Therefore, the court need only decide

14   whether plaintiff satisfies the first two requirements of the listing, that is, whether he has a valid

15   IQ score between 60 and 70, and whether the evidence demonstrates or supports onset of the

16   impairment before age 22.

17           The record contains results from two separate IQ tests.  On August 20, 2009, plaintiff

18   underwent a psychological evaluation conducted by David Richwerger, a licensed psychologist.

19   AR 302-308.  On the Wechsler Adult Intelligence Scale, Fourth Edition test (WAIS-IV), plaintiff

20   obtained a full scale IQ score of 45.  *Id*. at 306.  However, Richwerger stated that the results of

21   this test, as well as the results from other tests conducted during the psychological evaluation,

22   were likely not valid due to plaintiff's malingering.  *Id*. at 305-308.  While the ALJ did not

23   individually address this IQ score, the ALJ found that all of the tests performed by Richwerger,

24   which would include the WAIS-IV test, were not valid based on evidence that plaintiff was

25   malingering.  *Id*. at 30.

26           Plaintiff's IQ was also tested by John Chellsen, Ph.D. on January 10, 2011.  *Id*. at 355-

27   359.  The results of a WAIS-IV test showed that plaintiff had a full scale IQ of 70.  *Id*. at 357.

28   /////

1    The Commissioner argues that given the 25-point swing between the two IQ scores and Dr.

2    Chellsen's own notes indicating that the score was "more valid" than the prior test results, there is

3    reason to "question the validity of Plaintiff's performance on not just the first test, but both of

4    them."  ECF No. 16 at 18.  The ALJ, however, does not address the validity of this score, nor did

5    he find that plaintiff was malingering during his examination with Dr. Chellsen.  While the ALJ

6    did observe that Dr. Chellsen found that plaintiff had a "decreased IQ," he ultimately gave no

7    weight to Dr. Chellsen's opinion.  *Id*. at 30.  Thus, it is not entirely clear from the ALJ's

8    discussion of Dr. Chellsen's evaluation whether he believed the IQ score of 70 was valid.

9         Furthermore, the ALJ's explanation of why plaintiff does not satisfy the criteria of 12.05C

10   does not contain any discussion concerning the various IQ scores in the record.  As discussed in

11   more detail below, the ALJ's brief explanation as to why plaintiff does not satisfy the 12.05C

12   focused solely on whether the record establishes that plaintiff had an IQ below 70 before the age

13   of 22.  *Id*. at 26.  Since the ALJ's step-three determination did not address the validity of

14   plaintiff's IQ score, the court cannot determine whether the ALJ found that plaintiff satisfied this

15   criterion of Listing 12.05C.  *See Thresher v. Astrue*, 283 Fed. App'x 473, 475 (remanding the

16   case where the ALJ failed to address, among other things, the validity of the plaintiff's IQ score);

17   *Flores v. Astrue*, No. CV 11–10714–MAN, 2013 U.S. Dist. LEXIS 5367 (C.D. Cal. Jan.11, 2013)

18   (remanding case where ALJ's decision provided "absolutely no guidance as to how the ALJ

19   wrestled with" Listing 12.05(C) criteria).

20        In discussing Listing 12.05C, the ALJ only addressed whether plaintiff's mental

21   impairments were present before the age of 22.  The ALJ's discussion concerning this listing

22   consisted of the following:

23             [I]n order to meet all of the subsection of this listing, the evidence
               must demonstrate or support the onset of the mental retardation
24             during the developmental period, i.e, before age 22.  The evidence
               in the file does not support this finding.  While the claimant alleged
25             that he was in special education classes as a child, he submitted no
               documentation to support this allegation.  Additionally, there is no
26             evidence of any treatment or intellectual functioning testing
               performed prior to age 22 that would show, objectively, a
27             diminished IQ in the mentally retarded range.  Further, the
               claimant's credibility, as discussed in more detail below, is suspect
28             and as such, any statement of diminished intellectual functioning

6

1

2

3

                that is not supported by objective evidence in the file, is given no weigh.  Thus, I find the claimant's impairments do not meet the requirements of this listing as the claimant has submitted no evidence of the presence of mental retardation manifested during the developmental period, i.e., prior to age 22.

4    AR 26.

5           Thus, the ALJ found that plaintiff did not meet the listing because he did not submit

6    objective evidence showing that his IQ was below 70 prior to age 22.  However, a claimant is not

7    required to produce an IQ score prior to age 22 in order to meet the listing.  *See Gomez v. Astrue*,

8    695 F. Supp. 2d 1049, 1061 (C.D. Cal. 2010).  Several circuits have held that an adult IQ score

9    creates a rebuttable presumption that the impairment existed before the age of 22.  *See Hodges v.*

10   *Barnhart*, 276 F.3d 1265, 1268–69 (11th Cir. 2001) (IQ tests after age 22 satisfy the listing

11   criteria and "create a rebuttable presumption of a fairly constant IQ throughout life") (citing

12   *Muncy v. Apfel*, 247 F.3d 728, 734 (8th Cir. 2001)*, Luckey v. U.S. Dept. Of Health and Human*

13   *Services*, 890 F.2d 666, 668 (4th Cir. 1989)).  District courts within the Ninth Circuit are split.

14   *Compare, e.g., Forsythe v. Astrue*, 2012 WL 217751, at * 6-7 (E.D. Cal. Jan. 24, 2012)

15   (collecting cases and adopting presumption); *Jackson v. Astrue*, 2008 WL 5210668, at * 6 (C.D.

16   Cal. Dec.11, 2008) ("several circuits have held that valid IQ tests create a rebuttable presumption

17   of a fairly constant IQ throughout a claimant's life . . . . The Court finds the reasoning of the

18   Seventh, Eighth, and Eleventh Circuits to be persuasive"); *Schuler v. Astrue*, 2010 WL 1443882,

19   at *6 (C.D. Cal. Apr. 7, 2010) ("a valid qualifying IQ score obtained by the claimant after age 22

20   creates a rebuttable presumption that the claimant's mental retardation began prior to the age of

21   22, as it is presumed that IQ scores remain relatively constant during a person's lifetime"); with

22   *Clark v. Astrue*, 2012 WL 423635 (E.D. Cal. Feb.8, 2012) (declining to adopt rebuttable

23   presumption); *Rhein v. Astrue*, 2010 WL 4877796, at *8 (E.D. Cal. Nov. 23, 2010) (finding

24   rebuttable presumption would remove plaintiff's burden at step three).

25          This court concurs with the reasoning in *Forsythe* and adheres to the line of cases

26   applying the rebuttable presumption.  *See Wooten v. Colvin*, No. 2:12-cv-426 EFB, 2013 WL

27   5372855, at *3-4 (E.D. Cal. Sep. 25, 2013); *Woods v. Astrue*, No. CIV. S–10–2031–GEB–EFB,

28   2012 WL 761720, at *4 (E.D. Cal. Mar. 7, 2012).  Here, the ALJ failed to rebut the presumption.

1   The ALJ found that plaintiff did not meet Listing 12.05C solely because plaintiff did not submit

2   any objective evidence showing that he had a diminished IQ before age 22.  A lack of medical

3   evidence from this time period is not sufficient to rebut the presumption.  Requiring the plaintiff

4   to produce evidence showing that his impairments existed prior to age 22 would render the

5   presumption worthless.

6          Instead, the court finds that it was the ALJ's burden to point to some evidence of a change

7   in cognitive ability or some other persuasive information to account for a change in condition

8   relating to the plaintiff's ability prior to age 22 and the date of the IQ testing.  This, the ALJ did

9   not do.  Accordingly, the ALJ's finding that plaintiff has not established a diminished IQ before

10   the age of 22 is not supported by substantial evidence.  Accordingly, the matter must be remanded

11   so that the ALJ may properly consider whether plaintiff satisfies "paragraph C" of Listing

12   12.05C.[2]

13   IV.    CONCLUSION

14          The ALJ's decision is not supported by substantial evidence.  Therefore, it is hereby

15   ORDERED that:

16          1.  Plaintiff's motion for summary judgment is granted;

17          2.  The Commissioner's cross-motion for summary judgment is denied;

18          3.  The matter is remanded for further proceedings consistent with this order; and

19          4. The Clerk is directed to enter judgment in plaintiff's favor.

20   DATED:  March 31, 2014.

21

22                                     EDMUND F. BRENNAN
                                       UNITED STATES MAGISTRATE JUDGE
23

24

25

26

27   _____

28          [2]  As the matter must be remanded for the reasons explained herein, the court declines to
     address plaintiff's additional arguments.